UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BETH LORMAN,

      Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 1:14-cv-701

Judge Timothy S. Black

### ORDER GRANTING PLAINTIFF'S MOTION
### FOR ATTORNEY FEES (Doc. 13)

This case is a Social Security disability benefits appeal under which the Court determined that the ALJ's non-disability finding was not supported by substantial evidence and was reversed, awarding benefits in favor of Plaintiff. (Doc. 11). Plaintiff's counsel timely filed his fee application (Doc. 13) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking to be compensated for the legal expenses incurred in obtaining the benefits award. The Commissioner opposes the motion, arguing that Plaintiff's counsel's fees are unreasonable. (Doc. 14). Specifically, the Commissioner argues that: (1) counsel's hourly rate is based on an inaccurate cost of living adjustment; (2) counsel billed an unreasonable number of hours; and (3) the fee award must be made payable to Plaintiff, not her attorney. (*Id.*)

Pursuant to the EAJA, "a court may award reasonable fees and expenses of attorneys, in addition to the costs … to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(b). The amount of the fees "shall be

based upon prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Here, Plaintiff seeks payment at the statutory rate of $125 per hour, adjusted to reflect the cost of living based on the Midwest Urban Consumer Price Index (the "CPI"). (Doc. 13 at 3, n.1). Although the instant case commenced in September 2014 and continued through 2015, "[f]or simplicity's sake," Plaintiff's counsel applies the CPI average for 2014, which was 225.425. (*Id.*) Ultimately, Plaintiff's calculation results in an hourly rate of $185.60. (*Id.*) The Commissioner does not object to a cost of living increase or the use of the Midwest Urban consumer price index, but argues that the index average for 2014 should not be applied for work completed in 2015. (Doc. 14 at 2). Rather, the Commissioner states that the mid-year 2015 CPI average of 223.645 should apply for 2015 hours, resulting in an hourly rate of $184.28. (*Id.*)

In other words, the Commissioner argues that Plaintiff's counsel has unreasonably over-calculated his fees by $1.32 per hour for the 15.9 hours of work conducted in 2015, thereby resulting in a miscalculation of $21.[1] Additionally, the Commissioner objects to Plaintiff's counsel billing for 4.2 hours of work, characterizing it generally as "pre-complaint tasks that were part of the administrative process," and "clerical in nature." (Doc. 14 at 3-5). The Commissioner also claims that counsel spent an unreasonable

---

[1] The Court notes that the Commissioner takes no issue with Plaintiff's counsel's under-calculation for 2014, as the average CPI of 225.425 actually results in an hourly rate of $185.75, rather than $185.60.

2

amount of time reviewing the administrative record, as counsel had previously represented Plaintiff at the administrative level and should have been sufficiently familiar with the case. (*Id.*) In response, Plaintiff's counsel asserts that the "pre-complaint tasks" were appropriately billed preparatory work, and that all of his hours billed reflect reasonable time spent to complete work professionally and according to his common practice. (Doc. 15 at 2-3). Additionally, Plaintiff's counsel confirms that the motion seeks an award of fees payable to Plaintiff, not directly to counsel as the Commissioner suggests. (*Id*. at 1).

Upon review, the Court finds that counsel's hourly rate and the time expended on this case are reasonable. Further, the Court does not agree that the work performed was "clerical in nature."[2] This Court relies upon the representations of experienced counsel regarding their delegation of time and duties. Additionally, where, as here, Plaintiff's counsel has successfully represented his client and achieved a favorable outcome, the Court is generally disinclined to second-guess his judgment as to the time and effort required.

Accordingly, Plaintiff's motion for attorney's fees (Doc. 13) is **GRANTED**. Plaintiff is **AWARDED** the sum of $7,071.00 in attorney fees and $400 in costs, for a

---

[2] *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (tasks that require at least some legal knowledge to accomplish may be compensable under the EAJA, even if the tasks also involve clerical or secretarial work); *Mohr v. Comm'r of Soc. Sec.*, No. 3:11cv2731, 2013 U.S. Dist. LEXIS 18728, at *4 (N.D. Ohio Feb. 12, 2013) ("[c]are must be taken so that compensation for tasks such as reviewing communications from the court, monitoring the docket, and filing briefs – work traditionally done by attorneys – not be denied").

total of $7,471.00. This award satisfies Plaintiff's claims for fees, expenses, and costs under 28 U.S.C. § 2412.[3]

**IT IS SO ORDERED**.

Date: 9/22/15

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[3] Any fees paid belong to Plaintiff rather than her attorney, and can be offset to satisfy pre-existing debt that Plaintiff owes to the United States. *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).